**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAMILLE MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1621 DDN |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action is before the Court for judicial review of the final decision of the defendant Commissioner of Social Security denying the applications of plaintiff Camille Mackey for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*; § 1601, *et seq*.  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff Camille Mackey was born on November 25, 1966, and filed his applications for benefits on June 10, 2015.[2]  (Tr. 585).  He alleged a disability onset date of August 1, 2014, for back, neck, and left elbow problems.  (Tr. 585).  His applications were denied by a disability examiner on September 10, 2015, (Tr. 592, 600).  He

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  He is therefore substituted as the defendant in this case in his official capacity.  Fed. R. Civ. P. 25(d).  No further action needs to be taken to continue this suit.  42 U.S.C. § 405(g) (last sentence).

[2] For his DIB claim, the date he was last insured was December 31, 2017.  (Tr. 585).

appealed the decision and requested a hearing by an administrative law judge ("ALJ"). (Tr. 609).

On June 20, 2017, plaintiff appeared before an ALJ. (Tr. 552-84). A vocational expert also testified at the hearing. (*Id.*). On January 4, 2018, the ALJ denied plaintiff's applications. (Tr. 383-97). On July 27, 2018, the Appeals Council considered additional evidence from plaintiff but denied his request for review (Tr. 1-4), and the ALJ's decision became the final decision of the Commissioner now before this Court for review. 20 C.F.R. § 404.984(b)(2).

## MEDICAL HISTORY

The Court adopts the parties' statements of uncontroverted material facts (Docs. 20, 26). These facts, taken together, present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The Court discusses specific facts as they are relevant to the parties' arguments.

## DECISION OF THE ALJ

At Step One, the ALJ found that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from his alleged disability onset date of August 1, 2014, through the date he was last insured on December 31, 2017. (Tr. 385-86). At Step Two, the ALJ found that plaintiff had the severe impairments of "status post cervical spine fusion of C5-C6; status post bilateral carpal tunnel release; and status post surgical treatment of left and right epicondylitis and communicating sinus of the left elbow." (Tr. 386). At Step Three, the ALJ found that plaintiff had no impairments or combination of impairments that met or were the medical equivalent of impairment on the Commissioner's list of presumptively disabling impairments. (Tr. 388-89); *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The ALJ then found that plaintiff has the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, the claimant can never climb ladders, ropes, or scaffolds, kneel, crouch, and crawl. The claimant can occasionally climb ramps or stairs, balance, and stoop. The claimant can frequently reach, handle, finger, and feel. The claimant must avoid concentrated exposure to vibration, wetness, humidity, and extremes of heat and cold.

(Tr. 389).

At Step Four, the ALJ found that plaintiff was unable to perform his past relevant work. (Tr. 395). However, based on plaintiff's age, education, work experience, and RFC, the ALJ concluded at Step Five that plaintiff was capable of performing other jobs existing in significant numbers in the national economy, such as a hand packer, production worker/assembler, and cleaner. (Tr. 395-96).

## GENERAL LEGAL PRINCIPLES

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id*. In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id*. As long as substantial evidence supports the decision, the Commissioner may not be reversed merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether

an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing the five-step process); *Pates-Fires*, 564 F.3d at 942 (same).

## DISCUSSION

Plaintiff argues that (a) the RFC finding by the ALJ is conclusory and not supported by the evidence of record and (b) the determination of plaintiff's credibility is flawed. The Court disagrees.

### A.     RFC Determination

Plaintiff argues that the ALJ failed to explain how he reached the limitations in plaintiff's RFC, and that the RFC determination is not supported by substantial evidence. Determination of the RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). Accordingly, while the ALJ is responsible for looking at all relevant evidence, the ALJ must rely on "at least some supportive [medical] evidence" in formulating the RFC. *Hutsell* at 712. This includes evidence about the claimant's functional limitations in the workplace. *Id.* Moreover, the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical and non-medical evidence. SSR 96-8p. At the same time, however, the claimant ultimately bears the burden of proving disability and providing medical evidence of his impairments. *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Plaintiff claims that his RFC should include limitations on his reaching, handling, and fingering. He also claims the RFC fails to account for his limited cervical and left-elbow ranges of motion. The Court disagrees. The ALJ's assessment of plaintiff's RFC clearly demonstrates that he considered evidence about each of these limitations and accounted for what the medical evidence of record would support.

First, the ALJ listed plaintiff's own reports of his limitations, including "lifting, bending, standing, reaching, using his hands, looking up, walking, climbing stairs, sitting, completing tasks, concentrating, and handling stress and changes in routine." (Tr. 390). However, the ALJ noted that despite allegations of disabling symptoms and limitations,

plaintiff can "care for his son and dogs, go for walks, travel outside of his home independently, tend to his personal care needs, wash dishes, do laundry, cook, shop in stores, get along with others, count change, use a checkbook or money orders, watch television, and drive." (Tr. 390). The ALJ also noted that plaintiff reported he could "write, hold a coffee cup, feed himself, open a jar top, use a skillet, sweep, and button his clothes." (Tr. 392). The ALJ concluded that plaintiff engages in activities that are not as limited as one would expect if his subjective complaints were accurate. (Tr. 390).

With regard to the medical evidence, the ALJ summarized plaintiff's objective tests and treatment notes, remarking that there was no evidence of fracture, dislocation, other bone or joint pathology, joint effusion, or elevation of the fat pads. (Tr. 391-92). He noted that plaintiff's attendance at physical therapy was sporadic. Finally, the ALJ considered three medical opinions, none of which offered any ultimate functional limitations for plaintiff, other than he work fully "to tolerance." ( (Tr. 1031 (David M. Brown, M.D., stating plaintiff could work "full duty, no restrictions" in November 2014); Tr. 1032 (Dr. Brown stating in February 2015 "I see no objective or functional reason why he cannot return to work."); Tr. 1033 (Dr. Brown stating on March 2, 2015, that plaintiff "may return to regular duty without restrictions"); Tr. 1095-98 (R. Evan Crandall, M.D., stating on March 31, 2015, that "Camille may work without restrictions but he will have occasional symptoms from time to time. I do not believe that a person needs to be restricted from their work for early osteoarthritis."); Tr. 1110-11 (David T. Volarich, D.O., opining in April 2015 that with regard to plaintiff's right upper extremity, "he can work full duty to tolerance with normal work precautions," and not offering any limitations with reference to the left upper extremity)).

Plaintiff has not pointed to any evidence in the record that the ALJ neglected to consider or considered improperly. He claims that the RFC should include additional work-related limitations, but points to no evidence in the record that the ALJ did not already consider. Nor does he point to any medical opinion that would support his argument. Although every medical opinion found plaintiff to have no functional limitations, the ALJ nevertheless limited plaintiff to light work and then included further

restrictions on his RFC.  While plaintiff complains that the RFC is conclusory and not supported by a narrative discussion, these shortcomings work in plaintiff's favor, not against him, as they ultimately resulted in additional limits on his ability to work. Assuming these shortcomings are error at all, they are harmless.  *See Van Vickle v. Astrue*, 539 F.3d 825, 830-31 (8th Cir. 2008) (holding that if there is no indication the ALJ would have decided differently, any error is harmless).

### B.      Credibility Determination

Second, plaintiff argues that the ALJ improperly considered his activities of daily living as inconsistent with his subjective complaints.  The evaluation of a plaintiff's subjective complaints "is not an examination of an individual's character."  SSR 16-3p. Instead, the ALJ should consider all evidence in the record and incorporate the factors to be considered under regulations 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).  These factors include a plaintiff's daily activities; the location, duration, frequency, and intensity of the pain; the medication used to alleviate the pain; any other treatment for the pain; any other measures taken by the plaintiff to relieve the pain; and failure to comply with treatment.  *Id.*  An ALJ may only discount a claimant's subjective complaints for "good reasons."  20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p.

The ALJ gave good reasons for discounting plaintiff's subjective complaints. First, and as discussed above, the three medical opinions were inconsistent with plaintiff's complaints.  The objective findings did not suggest physical limitations, and plaintiff's treatment history suggested that many of plaintiff's complaints resolved with surgery.  (Tr. 391, 790-91, 794-95, 802, 855, 865, 899, 1030, 1032, 1034, 1083-84, 1097).  Additionally, the ALJ noted plaintiff's wide range of daily activities as calling his complaints into question.  While the Eighth Circuit has held that the ability to do sporadic light activities is not evidence of the ability to perform full-time competitive work, *see Ross v. Apfel*, 218 F.3d 844, 849 (8th Cir. 2000), plaintiff reported a wide range of activities to his medical providers.  (Tr. 789).  The ALJ nevertheless gave plaintiff the

benefit of the doubt by formulating a more restrictive RFC. The ALJ's treatment of plaintiff's subjective complaints is supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner of Social Security is affirmed. An appropriate Judgment Order is issued herewith.

                                    **/s/ David D. Noce**
                             **UNITED STATES MAGISTRATE JUDGE**

Signed on August 23, 2019.